UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PMP CORPORATION 401(K) PROFIT SHARING PLAN | ) ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| LESLIE KINGRASAPHONE, BOUMNY T. KEOLA, BRANDON L. KEOLA, ARGENIS L KEOLA, KAIYAVONG B KEOLA, KHAMFONG J KEOLA, JANNETTE KEOLA, AND ANGELA KEOLA | ) ) ) ) ) ) | |
| | ) | JUNE 29, 2017 |
| Defendants | | |

## COMPLAINT FOR INTERPLEADER

1.      Plaintiff, PMP Corporation 401(K) Profit Sharing Plan (the "PMP Plan")

files this interpleader action pursuant to 28 U.S.C. § 1335.  The Plan requests an Order

of Interpleader and Permanent Injunction, requiring Defendants Leslie Kingrasaphone,

Boumny T. Keola, Brandon L. Keola, Argenis L Keola, Kaiyavong B Keola, Khamfong J

Keola, Jannette Keola, and Angela Keola, to interplead their claims against each other

before this Honorable Court.

2.      This interpleader complaint is being filed because of conflicting and

uncertain claims which have been made with respect to proceeds held by the Plan for

the retirement account which was established by and for Bounmy Keola (the

"Decedent"), who at the time of his death on April 23, 2017, was an employee of PMP

Corporation.  Under the terms of profit sharing plan, designated beneficiaries of the

Decedent have certain rights resulting from the passing of the Decedent.  Because of

uncertainties about the identity of the proper beneficiaries, and to avoid exposing itself

04618.0026

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to the potential for multiple liability, PMP cannot pay over the distribution resulting from the Decedent's passing so long as there are disputed questions of fact and law. Thus, the PMP Plan seeks interpleader relief under 28 U.S.C § 1335.

**JURISDICTION AND VENUE**

3.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1335, as two or more of the claimants are citizens of different states, the amount of money in controversy exceeds $500.00, and Plaintiff will deposit a bond for the full amount of the benefits (less the costs of the bond) that are the subject of this Interpleader Complaint, plus any applicable interest, into the Court Registry as required by 28 U.S.C. § 1335(a)(1)(2), upon the issuance of an Order from the Court granting the Plaintiff's Motion to Deposit Bond Into Registry, which Motion will be filed once Plaintiff is permitted to file pleadings through the Court's CM/ECF system.

4.      In addition, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as the controversy arises by virtue of benefits under a plan governed by the Employee Retirement Income Security Act of 1974.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1397, because one or more of the Claimants resides in this District.

**PARTIES**

6.      Plaintiff PMP Plan is and was at all times, a tax-qualified, defined-contribution account, formed and existing pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), with its administrator having principal place of business at (25 Security Drive) P.O Box 422, Avon, CT 06001.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

7.     Decedent Boumny Keola was, at the time of his passing, a resident of the State of Connecticut, and was an employee of PMP Corporation.

8.     Upon information and belief, Defendant Leslie Kingrasaphone is citizen of the State of Texas, residing at 5330 Dana Lynn Drive, Haltom City, Texas.

9.     Upon information and belief, Defendant Boumny T. Keola is a citizen of the State of Connecticut, residing at 140 Russ Street, S231, Hartford, Connecticut.

10.     Upon information and belief, Defendant Brandon L. Keola is a citizen of the State of Connecticut, residing at 38 Bushnell Street, Hartford, Connecticut.

11     Upon information and belief, Argenis L. Keola is a citizen of the State of Connecticut, residing at 38 Bushnell Street, Hartford, Connecticut.

12.     Upon information and belief, Kaiyavong B. Keola is a citizen of the State of Rhode Island, residing at 168 Bourdon Blvd, Woonsocket, Rhode Island.

13.     Upon information and belief, Khamfong J. Keola is a citizen of the State of Rhode Island, residing at 168 Bourdon Blvd, Woonsocket, Rhode Island.

14.     Upon information and belief, Jannette Keola, also known as Jeannette Keola, is a citizen of the state of Connecticut, residing at 38 Bushnell Street, Hartford, Connecticut.

15.     Upon information and belief, Angela Keola is a citizen of the State of Rhode Island, residing at 168 Bourdon Blvd, Woonsocket, Rhode Island.

16.     Upon information and belief, Boumny T. Keola, Brandon L. Keola, Argenis L. Keola, Kaiyavong B. Keola, and Khamfong J. Keola are all children of the Decedent.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

17.     Upon information and belief, while Janette Keola was previously married to the Decedent, their marriage was dissolved by judgment dated January 3, 2011 (the "Divorce Decree").

18.     Upon information and belief, while Angela Keola was previously married to the Decedent, their marriage was dissolved by judgment dated February 19, 2013.

### THE UNCERTAINTY REGARDING BENEFITS

19.     Decedent was first employed by PMP Corporation from May 21, 1985 to September 16, 1988.

20.     The Decedent was rehired by PMP Corporation on June 4, 1990, and remained a full-time employee continuously until his death on April 23, 2017.

21.     As a benefit of his employment with PMP Corporation, Decedent had an opportunity to participate in the PMP Plan.

22.     At the time of his passing, Decedent was a fully vested participant in the PMP Plan.

23.     As a participant in the PMP Plan, Decedent had the right and ability to designate beneficiaries to receive plan benefits in the event of his death.

24.     On or about June 19, 1987, the Decedent executed a written Beneficiary Designation, in which he designated "Keola Keo" as his primary beneficiary, and Phang Keola as his contingent beneficiary.

25.     On or about February 13, 1992, the Decedent executed a written Beneficiary Designated, in which he designated Jannette Keola as his primary beneficiary.  He did not designate any alternate beneficiaries.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

26.     On or about September 22, 2009, the Decedent executed a written Beneficiary Designation Form, which revoked and replaced his prior designation, and named Kaiyavong Keola, Boumny Keola, Jr., Brandon Keola, and Argenis Keola, as primary beneficiaries, with each to get "equal shares."

27.     At the time that the Decedent executed the September 22, 2009 Beneficiary Designation Form, he was married to Jannette Keola.

28.     On or about March 16, 2017, the PMP Plan received, through its on-line system, a Retirement Plan Beneficiary Designation (the "2017 Designation"), purporting to be from the Decedent.

29.     The 2017 Designation states that it designates Defendant Leslie Kingrasaphone, of Haltom City, Texas, as the sole and primary beneficiary for Decedent's account in the PMP Plan.

30.     The 2017 Designation does not include a written signature.

31.     Upon information and belief, the Decedent was not married to Defendant Leslie Kingrasaphone at the time that the 2017 Designation was executed.

32.     The IP address of the computer used to enter the 2017 Designation in the PMP Plan system is 172.56.6.211, which is located in Texas.  Upon information, the Decedent was located in New York City on March 16, 2017, undergoing treatment, and not in Texas.

33.     After Decedent passed, the PMP Plan sought to ensure that distributions were made to the proper beneficiary or beneficiary.

34.     In order to confirm either that the Decedent himself entered the information changing beneficiaries in the online system for the PMP Plan, or else that

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the person who did so on his behalf was acting upon the Decedent's express instructions and with his authority, PMP sought to contact Defendant Leslie Kingrasaphone to obtain confirmation of the authenticity of and authority for the 2017 Designation.

35.     On or about May 4, 2017, the PMP Plan sent the Defendant Leslie Kingrasaphone a letter via registered U.S. Mail to confirm the authenticity and authority for the 2017 Designation.  This letter requested a response by June 1, 2017.  Upon information and belief, the letter was signed for by Ms. Kingrasaphone on May 10, 2017.

36.     The PMP Plan has not received a response from Ms. Kingrasaphone.

37.     As a result, the PMP Plan has been unable to confirm that the 2017 Designation was personally made by the Decedent, or that the person who entered the information in the online system did so with Decedent's knowledge and authority.

38.     In addition, the Divorce Decree entered with respect to the marriage of Decedent and Jannette Keola provided that Jannette Keola is "entitled to 35% of the current value of the [Decedent's] pension."  This information was initially provided to the PMP Plan on May 22, 2017, but there has not been a Domestic Relations Order provided to the Plan regarding this claim.

39.     As a result, the PMP Plan is reasonably concerned that by distributing the Decedent's benefits in the PMP Plan without all persons claiming interest in such benefits being heard, it faces the risk of having to defend against a subsequent claim, and may be subject to liability to more than one of the Defendants.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## INTERPLEADER CAUSE OF ACTION

40.     The claims and potential claims by the Defendants are such that the PMP Plan is or may be exposed to multiple liabilities.  Because of the multiple forms filed by the Decedent, because of the language of the Divorce Decree, and because Plaintiff has been unable to confirm the authenticity of and authority for the 2017 Designation, there are multiple actual and/or potential competing claims, and the PMP Plan cannot determine with certainty which of the Defendants are entitled to the plan benefits payable upon the death of the Decedent, without the danger of being compelled to later defend against a subsequent claim, and possibly be subject to liability to more than one of the Defendants.

41.     The PMP Plan claims no beneficial interest in the benefits payable to the appropriate designee(s), which as of this filing are in the amount of $278,443.94.

41.     Because of the competing claims, the PMP Plan is unable to ascertain who is entitled to all or a portion of such sums, and thus cannot safely pay over this sum until it is determined to who or whom it is legally liable to pay the amount.

42.     The PMP Plan has held the full amount of the Decedent's death benefits, which at present are in the amount of $278,443.94, as a stakeholder, and has been ready and willing to pay the amount to the person(s) legally entitled in satisfaction of its indebtedness, whenever it can or may be determined to who or whom it is legally liable to pay the amount.

43.     The PMP Plan has no interest in the outcome of these conflicting claims of common origin.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

44.     Pursuant to 28 U.S.C. § 1335(a)(1)(2), and at such time as it can file under the CM/ECF system, the Plaintiff will deposit into the Registry of Court a bond in the amount of $272,958.94, representing the full amount of benefits payable to designated beneficiaries under the PMP Plan as a result of the passing of the Decedent, less attorneys fees and costs incurred by the Plan in preparing and filing this action, and will agree to comply with the future order or judgment of the court with respect to such proceeds.

45.     Pursuant to 28 U.S.C. § 1335, the PMP Plan requests that this Court enter an order discharging the PMP Plan from any and all liability as to the proceeds and permanently enjoining the Defendants from commencing or prosecuting any other action regarding the death benefits resulting from the passing of the Decedent, life in this or any other court, Federal or state.

46.     Because it is a disinterested stakeholder, which has conceded liability for the death benefits, and has deposited a bond for the disputed funds into Court, the PMP Plan seeks its reasonable attorney fees and costs, including the costs of the bond.

**WHEREFORE**, Plaintiff prays that this Court enter an order adjudging:

A.     That the Registrar of the Court accept and hold a bond, in the amount of $272,958.94, being deposited with the Registrar, subject to the order of this Court, conditioned upon compliance by the Plaintiff with the future order or judgment of the Court with respect to the subject matter of this action;

B.     The identity of the proper person(s) to receive the benefits payable under the PMP Plan as a result of the death of Bounmy Keola.

C.     The exact amount and/or exact percentage to be paid to each such proper person.

D.     That Plaintiff be granted injunctive relief under 28 U.S.C.A. § 2361, restraining and permanently enjoining each of the Defendants from

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

      instituting or proceeding with any action against the PMP Plan for the recovery of the benefits under the PMP Plan, or for declaratory relief.

E.     That each Defendant be restrained and permanently enjoined from pursuing any other actions or claims against any party concerning or relating to the PMP Plan.

F.     That this Court determine that the Defendants be required to interplead and settle between themselves their respective rights to the benefits under the PMP Plan.

G.    That the PMP Plan, its Administrator, and all related parties be discharged and released from any and all liability arising from or relating to the rights to benefits under the PMP Plan upon the adjudication of the Defendants' respective rights to the benefits at issue.

H.    That the Plaintiff recover its costs and reasonable attorney's fees associated with bringing this action, in the amount of $5485.00, from the funds held in the Plan because the Plaintiff is merely a passive litigant and makes no claims to the proceeds.

I.     That the Plaintiff be granted such other and further relief as this Court deems just and equitable.

Dated: June 29, 2017
Hartford, Connecticut

                 THE PLAINTIFF,
                 PMP CORPORATION 401(K) PROFIT
                 SHARING PLAN

                 By_____

                 Joseph G. Fortner, Jr.
                 Fed. Bar No. ct 04602
                 HALLORAN & SAGE LLP
                 One Goodwin Square
                 225 Asylum Street
                 Hartford, Connecticut  06103
                 Tele:  860-522-6103
                 Fax:  860 548-0006
                 fortner@halloransage.com

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
&SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105