UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PMP CORPORATION 401(K) PROFIT SHARING PLAN<br>    Plaintiff, | : : : : | |
| v. | : : | No. 3:17-CV-01085 (VAB) |
| LESLIE KINGRASAPHONE, BOUMNY T. KEOLA, BRANDON L. KEOLA, ARGENIS L KEOLA, KAIYAVONG B. KEOLA, KHAMFONG J. KEOLA, JANNEHE KEOLA, AND ANGELA KEOLA<br>    Defendants. | : : : : : : | |

**ORDER**

PMP Corporation 401(K) Profit Sharing Plan (the "PMP Plan"), has brought this interpleader action under 28 U.S.C. § 1335. In its Complaint, the PMP Plan sought resolution of "conflicting and uncertain claims" to proceeds it held for a retirement account established by and for Bounmy Keola, who was an employee of PMP Corporation at the time of his death on April 23, 2017. Compl. ¶ 2.

Specifically, the Plan claimed that it received several written Beneficiary Designation Forms concerning Mr. Keola's assets, including one that was unsigned. *See id.* at ¶¶ 24-37 ("As a result, the PMP Plan has been unable to confirm that the 2017 Designation was personally made by the Decedent, or that the person who entered the information in the online system did so with Decedent's knowledge and authority."). The PMP Plan named as Defendants all individuals who had claims to Mr. Keola's assets, noting that it was "reasonably concerned that by distributing the Decedent's benefits in the PMP Plan without all persons claiming interest in such benefits being heard, it [] may be subject to liability to more than one of the Defendants." *Id.* at ¶ 29

On June 29, 2017, the PMP Plan filed a Motion to Deposit Bond into Registry, seeking an order directing it to deposit the contested funds as a bond, and for an Order "restraining and permanently enjoining each of the Defendants from instituting or proceeding with any action against

1

the PMP Plan for the recovery of the benefits under the PMP Plan, or for declaratory relief." *See* Mot., ECF No. 4.

The PMP Plan also attached an Affidavit from Peter Kellogg, an Administrator, asserting that Mr. Keola was a participant in the Plan and had accrued $268,541.48 as a death benefit at the time of his passing, which, with interest accrual, was now $278,443.94. *See* Kellogg Affidavit, ECF No. 4-1, at ¶¶ 4-5. Mr. Kellogg also stated that the Plan would prefer to deposit a bond, rather than the amount of the Proceeds, to the Court, and that had and would continue to "segregate the full amount of proceeds" constituting Mr. Keola's death benefit. *Id.* at ¶¶ 9-10. Mr. Kellogg also noted that the PMP Plan had incurred As a result, the PMP Plan has incurred costs of $5485.00 to bring its Complaint, including a $400 filing fee and attorneys' fees related to the action. *Id.* at ¶ 8.

### A. Interpleader Actions under 28 U.S.C. § 1335

District courts have original jurisdiction over any interpleader action if two or more adverse claimants with diverse citizenship "are claiming or may claim" to be entitled to money, property, or a financial instrument in the plaintiff's possession. 28 U.S.C. § 1335(a)(1). The statute also requires the plaintiff to deposit the property in question into the Registry of the Court, or to give a bond payable to the Clerk of Court in that amount. *Id.* at (a)(2).

Under 28 U.S.C. § 1335: 1) the amount in controversy must be $500 or more; 2) the "[t]wo or more adverse claimants" claiming entitlement to the amount in controversy must be "of diverse citizenship"; and 3) the plaintiff must deposit either the amount at issue, or an appropriate bond, with the court. The diversity requirement "calls for only minimal diversity, that is, diversity of citizenship between two or more claimants without regard to the circumstance that other rival claimants may be co-citizens." *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 102 (E.D.N.Y. 2013).

Under 28 U.S.C. § 2361, a district court may restrain parties in an interpleader action "from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court" and to

"make the injunction permanent." 28 U.S.C. § 2361. This section "enables a party meeting the requirements of [§ ]1335 to obtain a restraining order without following the procedures set forth in [Federal Rule of Civil Procedure] 65[ ], which normally governs the issuance of injunctive relief." *Sotheby's, Inc. v. Garcia*, 802 F. Supp. 1058, 1066 (S.D.N.Y.1992). "An injunction against overlapping lawsuits is desirable to insure the effectiveness of the interpleader remedy. It prevents the multiplicity of actions and reduces the possibility of inconsistent determinations." *Id*. at 1066.

### B.  Attorneys' Fees and Costs

District courts can award attorneys' fees for stakeholders in interpleader actions in certain circumstances. The Second Circuit has determined that an interpleading party is entitled to recover costs and attorney's fees when it is: (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability. *Septembertide Publishing v. Stein and Day*, 884 F.2d 675 (2d Cir.1989) (citing A. Moore's Federal Practice ¶ 2.16 [2] (2d ed. 1989)).  The decision to award fees and costs is left "to the sound discretion of the district court.'" *Travelers Indem. Co. v. Israel,* 354 F.2d 488, 490 (2d Cir.1965)).

To guide this discretion, courts in this Circuit have observed that they "need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business." *Metro. Life Ins. Co.*, 966 F. Supp. 2d at 104 (citing *Travelers Ins. Co. v. Estate of Garcia,* No. 00-cv-2130 (ILG), 2003 WL 1193535, at *4 (E.D.N.Y. Feb. 4, 2003)); *see also Correspondent Servs. Corp. v. J.V.W. Investments Ltd.,* 204 F.R.D. 47, 49 (S.D.N.Y.2001) (describing the "*Travelers* Court's 'ordinary course of business exception'"). "This is particularly true in the case of insurance companies, where minor problems that arise in the payment of insurance policies must be expected and the expenses incurred are part of the ordinary course of business." *Estate of Garcia,* 2003 WL 1193535 at *4; see also *Israel,* 354

3

F.2d at 490 ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader."). Indeed, "courts in this Circuit have typically declined to award insurance companies attorneys' fees and costs in interpleader actions." *Feehan,* 2011 WL 497852 at *7 (collecting cases); *see also Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 321 (S.D.N.Y. 2014) (declining to award attorneys' fees and costs to insurance company that had "not identified any unique expenses that it has incurred in connection with litigating this Action, nor any other special circumstances tending to suggest that the Court should depart from the established practice among district courts within the Second Circuit of declining to award attorneys' fees and costs to similarly situated insurance companies."); *Unum Life Ins. Co. of America v. Scott*, No. 10 Civ. 538 (DJS), 2012 WL 233999, at *3 (D. Conn. Jan. 24, 2012) ("[C]onflicting claims to the proceeds of insurance policies are normal risks of the insurance business and that the Plaintiffs' interpleader action is brought primarily in their own self-interest.").

After reviewing the PMP Plan's Complaint and motion, as well as the Court finds and orders as follows:

1. The Court finds that Plaintiff has properly set forth a cause of action for Interpleader under 28 U.S.C. § 1335;

2. In lieu of a deposit of funds with the Court's Registry, and based upon the representations in the Kellogg Affidavit, the PMP Plan shall submit an Interpleader Bond, in the form attached to the PMP Plan's Motion as Exhibit A, to the Clerk for deposit into the Registry;

3. The Interpleader Bond shall be deposited in the amount of $272,958.94 and that the Clerk of the Court shall accept and hold such bond, subject to the further order of this Court and

4

conditioned upon compliance by Plaintiff with any future order or judgment of the Court with respect to disposition of the benefits that are the subject matter of this action;

4. Under 28 U.S.C. § 2361, that all Defendants are restrained and permanently enjoined from instituting or proceeding with any action against the PMP Plan for the recovery of the benefits under the PMP Plan, or for declaratory relief;

5. Each Defendant is further restrained and permanently enjoined from pursuing any other actions or claims against any party concerning or relating to the PMP Plan, and orders that the Defendants interplead and settle between themselves their respective rights to the benefits under the PMP Plan;

6. Subject to and upon the filing of the bond which this Court orders be filed, the PMP Plan, and its Administrator, and all related parties, are hereby discharged from any and all liability arising from or relating to the rights to benefits under the PMP Plan upon the adjudication of Defendants' respective rights to the benefits at issue;

7. The PMP Plan must supplement its filing to explain why the Court should exercise its discretion to award the $5485.00 in fees and costs that they claim in this action, and to show that the expenses are not "part of the ordinary course of business," *Metro. Life Ins. Co.*, 966 F. Supp. 2d at 104, but rather attributable to the interpleader action;

8. Since the Court notes that the PMP Plan has not served Defendants with a Copy its motion, this Order will take effect within 30 days of such service.

SO ORDERED at Bridgeport, Connecticut this 11th day of July, 2017.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE