UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PMP CORP. 401(K) PROFIT SHARING
PLAN,
    *Plaintiffs*,

v.

LESLIE KINGRASAPHONE, *et al.*,
    *Defendants.*

No. 3:17-cv-1085 (VAB)

**RULING AND ORDER ON MOTION FOR INTERPLEADER DISBURSEMENT**

PMP Corporation 401(k) Profit Sharing Plan ("Plaintiff" or "PMP") has moved for an order entering judgment and an interpleader disbursement. Mot., ECF No. 71 (Sept. 27, 2019); *see also* Order Granting Mot. for Default J., ECF No. 70 at 12 (Aug. 29, 2019) ("Order") (instructing Plaintiff to file a motion for interpleader deposit by September 30, 2019).

PMP asks the Court to: (1) reimburse the PMP Plan "for its attorney's fees and costs incurred in this matter in the amount of $14,912.51;" (2) allow PMP to continue "to hold the balance of the funds maintained within the account of deceased PMP employee, Boumny Keola, until the Court determines the proper allocation among the remaining interpleader Defendants;" (3) instruct PMP to "distribute all remaining proceeds in amounts to be determined by this Court;" (4) enter an order "enjoining and precluding any and all Defendants, from instituting, bringing or prosecuting any actions against the PMP Plan or its related entities relating to the funds in the PMP Plan held for Boumny Keola;" and (5) enter an order "releasing the PMP Plan and all related parties of any and all liability with respect to the account held for Boumny Keola, upon compliance with this order." Mot. at 2–3.

No objection has been filed by any Defendant.

For the following reasons, the motion is **GRANTED in part, DENIED in part.**

The Court **ORDERS** PMP to release the funds to the registry of the Court, and upon this release, the Court will issue an order granting the release of liability. Because of this, the Court **DENIES without prejudice renewal** PMP's motion for judgment.

The Court also **DENIES** the distribution of all remaining funds at this time, as well as the request for injunctive relief as premature, in the absence of any related pending state or federal claim and the request for an award of attorneys' fees and costs.

The Court **ORDERS** the remaining Defendants to file their proposed distribution plan for these funds with the Court.

I.   FACTUAL AND PROCEDURAL BACKGROUND

A.   Factual Allegations[1]

The funds at issue belonged to Boumny Keola, a PMP employee and participant in PMP's 401(k) profit sharing plan. Default J. Order at 2. The plan permitted Mr. Keola to designate beneficiaries to receive the benefits, payable upon his death. *Id.* On April 23, 2017, Mr. Keola died, and the proceeds became payable to his beneficiaries. *Id.*

Mr. Keola, however, had designated various beneficiaries at different times throughout his participation in the plan.[2] *Id.* PMP initiated this action to prevent having to defend subsequent claims by one or more defendants. *Id.* at 4. Following the Court's previous order, the

---

[1] The factual allegations are taken from the Court's previous order. *See* Default J. Order at 2–3.

[2] Mr. Keola at one point designated "Keola Keo" as his primary beneficiary and Phang Keola as his contingent beneficiary; Jannette Keola as his primary beneficiary; and replaced his prior designations with Kaiyavong Keola, Boumny Keola, Jr., Brandon Keola, and Argenis Keola as primary beneficiaries to equal shares. Default J. Order at 2.

2

remaining Defendants are Boumny T. Keola, Brandon L. Keola, Argenis L. Keola, and Jannette Keola. *Id.* at 12; Mot. at 2.

### B. Procedural History

On June 29, 2017 PMP filed a Complaint against all Defendants. Compl., ECF No. 1 (June 29, 2017).

On September 14, 2017, PMP submitted and filed an interpleader bond in the amount of $272,958.94. Notice, ECF No. 31 (Sept. 14, 2017) ("Bond Notice").

On January 9, 2019, Plaintiff moved for default entry against Defendants Daiyavong B. Keola, Khamfong J. Keola, and Angela Keola. Mot. for Default Entry, ECF No. 52 (Jan. 10, 2019). The Court granted the motion. Order, ECF No. 53 (Jan. 10, 2019).

On February 7, 2019, Plaintiff moved for default judgment against Leslie Kingrasaphone, Kaiyavong B. Keola, Khamfon J. Keola, and Angela Keola. Mot., ECF No. 54 (Feb. 7, 2019). The Court denied the motion without prejudice to renewal. Order, ECF No. 57 (Feb. 8, 2019).

On April 24, 2019, Plaintiff again moved for default judgment against Leslie Kingrasaphone, Kaiyavong B. Keola, Khamfong J. Keola, and Angela Keola. Mot. for Default J., ECF No. 62 (Apr. 24, 2019).

On August 29, 2019, the Court granted the motion for default judgment against Kaiyavong B. Keola, Khamfon Keola, Angela Keola, and Leslie Kingrasaphone. Ruling & Order, ECF No. 70 (Aug. 29, 2019) ("Default J. Order").

On September 27, 2019, Plaintiff moved for interpleader disbursement under 28 U.S.C. § 1335. Mot., ECF No. 71 (Sept. 27, 2019) ("Mot.").

## II. STANDARD OF REVIEW

An interpleader action generally involves a two-stage inquiry. *N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983). First, the stakeholder must demonstrate that the requirements for interpleader are met and that the plaintiff stakeholder is entitled to a discharge from liability. *Id.* Second, the Court adjudicates the adverse claims to the property. *Id.*

The second stage is obviated where only one defendant has appeared and made a claim to the property. *See id.* at 95–96 (affirming portion of judgment directing payment of insurance benefits to sole non-defaulted defendant and noting that other defendants' defaults 'did not make the interpleader action inappropriate but merely expedited its conclusion by obviating the normal stage."). "The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Gen. Acc. Grp. v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984) *aff'd sub nom.*, *Gen'l Accident Grp. v. Gagliardi*, 767 F.2d 907 (2d Cir. 1985).

### III.   DISCUSSION

#### A.  Interpleader Relief

Under Section 1335, a district court will have jurisdiction over a civil interpleader action if all elements are met, including the requirement that "the plaintiff [] deposit[] such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court[.]" 28 U.S.C. § 1335(a)(1); *see also 6247 Atlas Corp. v. Marine Ins. Co., Lt.d., No. 2A/C/*, 155 F.R.D. 454, 461 (S.D.N.Y. 1994) ("Thus, statutory interpleader relaxes the diversity jurisdictional requirements in exchange for the somewhat onerous requirement of depositing the stake with the Court." (citations omitted)).

Whether brought under "statutory interpleader," as in this case, or under "rule interpleader," an interpleader action generally involves a two-stage inquiry. *See N.Y. Life Ins.*

4

*Co.*, 700 F.2d at 95; *Little*, 2013 WL 4495684 at *1. First, the stakeholder must demonstrate that the requirements for interpleader are met and that the stakeholder is entitled to a discharge from liability. *See N.Y. Life Ins. Co.*, 700 F.2d at 95; *Little*, 2013 WL 4495684, at *1. Second, the Court adjudicates the adverse claims. *N.Y. Life Ins. Co.*, 700 F.2d at 95.

Although PMP alludes to potential tax issues "which may diminish the total proceeds available to the various recipients[,]" Mot. at 2, and so asks to continue to hold the funds until the Court issues an order, PMP "is prepared . . . to deposit the funds with court," Mot. at 3.

As the Court previously determined that jurisdiction in this action has been satisfied, *see* Default J. Order at 10, it now considers whether PMP is entitled to a discharge of liability.

PMP has already posted bond, satisfying 28 U.S.C. § 1335. *See* Bond Notice; *see also* § 1335(a) (jurisdictional requirements demand plaintiff either deposit "money or property" into the registry of the court or give "bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper"); *Mendez v. Teachers Ins. & Annuity Ass'n & Coll. Ret. Equities Fund*, 982 F.2d 783, 787 (2d Cir. 1992) ("Before discharging a stakeholder under § 2361, the court must first determine whether the requirements of 28 U.S.C.§ 1335 (1988) have been met." (citation omitted)); *Mitchell*, 966 F. Supp. 2d at 103 ("Generally, once an interpleader plaintiff has satisfied the Section 1335 jurisdictional requirements of an interpleader claim, the court should readily grant discharge of the stakeholder, unless it finds that the stakeholder may be independently liable to a claimant or has failed to satisfy the various requirements of interpleader, including, when required, deposit of the stake.").

The Court, having determined that interpleader lies, now orders PMP to deposit the funds with the registry of the Court and finds that PMP is "discharged of further liability insofar as the stake is concerned. *Gen. Acc. Grp.*, 593 F. Supp. at 1087; *see also Marcus v. Dufour*, 796 F.

Supp. 2d 386, 390 (E.D.N.Y.), *aff'd sub nom., Marcus v. Haaker*, 481 F. App'x 19 (2d Cir. 2012) ("Generally, once an interpleader plaintiff has satisfied the jurisdictional requirements of an interpleader claim, the Court will discharge the plaintiff from liability and dismiss him from the case." (citation omitted)).[3]

Following the depositing of funds in the registry of the Court, the Court will issue an order discharging PMP of any liability.

### B.     Injunctive Relief

Under 28 U.S.C. § 2361,[4] a district court "has authority . . . to enjoin other state or federal proceedings affecting the interpleaded property." *Ashton v. Josephine Bay Paul and C. Michael Paul Found., Inc.*, 918 F.2d 1065, 1068 (2d Cir. 1990). "The statutory scheme provides stakeholders a method by which they can deposit a stake subject to adverse claims with the court so that ownership can be adjudicated and the stakeholder can avoid being subjected to inconsistent judgments in different fora." *Id.*

PMP faces the risk of being sued in a separate action for recovery of the retirement account. Order at 1. The Court has already entered default judgment against Kaiyavong B. Keola, Khamfong Keola, Angela Keola, and Leslie Kingrasaphone. *Id.* at 12. Should any of these defendants pursue a claim, PMP may rely on the Court's order discharging it from further liability as to these Defendants. *See Metro. Life Ins. Co. v. Little*, No. 13 cv 1059 (BMC), 2013 WL 4495684, at *3 (E.D.N.Y. Aug. 17, 2013) (denying anti-suit injunction in interpleader action

---

[3] Without more information, the Court will not order disbursement at this time.

[4] 28 U.S.C. § 2361 states: "[A] district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved int eh interpleader action until further order of the court . . . . Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment."

because court's order discharging life insurance company from further liability under relevant policy "effectively preclude[d] any subsequent litigation").

Accordingly, PMP's request for injunctive relief is denied as premature because there are no pending "other state or federal proceedings affecting the interpleaded property." *Ashton*, 918 F.2d 1065, 1068.

### C. Costs and Fees

An award of costs and fees to an interpleader plaintiff may be appropriate where the plaintiff is "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into the court, and (4) has sought a discharge from liability." *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989). Awarding costs and fees in interpleader actions, however, is within the "sound discretion of the district court." *Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965). Typically, costs and attorneys' fees "are available only when the party initiating the interpleader is acting as a mere stakeholder, which means that the party has admitted liability, has deposited the fund in court, and has asked to be relieved of any further liability." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 1719 (3d ed. 2002).

Moreover, "courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business." *Travelers Ins. Co. v. Estate of Garcia*, No. 00 Civ. 2130, 2003 WL 1193535, at *4 (E.D.N.Y. Feb. 4, 2003); *see also Correspondent Servs. Corp. v. J.V.W. Invs. Ltd.*, 204 F.R.D. 47, 49 (S.D.N.Y. 2001). Circumstances that advise against the award of attorneys' fees include: (1) "where the parties to an interpleader action have . . . agreed to the disposition of the collateral deposited with the Court[;]" (2) where costs sought are "attributable to interpleader, not for any expenses incurred as a part of its ordinary conduct of

business[;]" and (3) where "the utility of [] filing an interpleader action in federal court . . . was allegedly questionable." *Chem. Bank v. Richmul Assocs.*, 666 F. Supp. 616, 619–20 (S.D.N.Y. 1987).

Throughout this case, PMP "has incurred legal fees in the amount of $13,735.00, and legal costs of $1,177.51." *Id.* at 3.[5] Plaintiff seeks an order from the Court reimbursing it "in the amount of $14,912.51 for its legal expenses incurred in connection with [the] matter" and entering "all injunctive and declaratory relief requested in the Complaint." *Id.*

The Court disagrees.

PMP "has not identified any unique expenses that it has incurred in connection with litigating this[a]ction[.]" *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 321 ( S.D.N.Y. 2014). While PMP is not an insurance company, determining the distribution of plan benefits or "[c]onflicting claims to the proceeds of a policy are inevitable and normal risks" of maintaining and administrating a 401(K) plan. *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 105 (E.D.N.Y. 2013) (quoting *Companion Life Ins. Co. v. Schaffer*, 442 F. Supp. 826, 830 (S.D.N.Y. 1977)).

Accordingly, the Court will not award attorneys' fees and costs.

### IV.     CONCLUSION

For the reasons explained above, the Court **GRANTS in part, and DENIES in part** PMP's motion.

---

[5] Costs billed to outside counsel, Halloran & Sage LLP, include "investigation of the issues in this case, drafting an interpleader complaint, revising same, working on bond issues, revising and filing interpleader bonds, drafting motions, drafting e-mails to counsel for other defendants, preparing for and participating in conferences, discussions with other counsel and parties, preparing status reports, preparing motions for default and for default judgment, and preparing for and attending a motion and hearing for default judgment." Mot. at 3.

The Court **ORDERS** PMP to release the funds to the registry of the Court, and upon this release, the Court will issue an order granting the release of liability. Because of this, the Court **DENIES without prejudice renewal** PMP's motion for judgment.

The Court also **DENIES** the distribution of all remaining funds at this time, as well as the request for injunctive relief as premature, in the absence of any related pending state or federal claim and the request for an award of attorneys' fees and costs.

The Court **ORDERS** the remaining Defendants to file their proposed distribution plan for these funds with the Court.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of April, 2020.

       /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge